UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No.: 2:11-cr-0511-CWH |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| JIAN-YUN DONG, a/k/a John Dong; ) | |
| VAXIMA, INC; and GENPHAR, INC.; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I. INTRODUCTION

Presently before the undersigned are two motions, GenPhar Inc.'s (GenPhar) GenPhar's Motion for Determination of Whether The Defendants May Be Prejudiced by Possible Conflict of Interest by USA's Counsel (Document # 292) with respect to Jennifer Aldrich, Esq. and the Government's Motion for Judicial Inquiry into Potential Conflicts (Documents # 314) with respect to Reynolds Williams, Esq., both of which were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). Hearings were held on these motions on September 16, 2013, October 8, 2013, and October 28, 2013. Assistant United States Attorney Jennifer Aldrich has decided to remove herself from this action and, thus, GenPhar's Motion is moot.

## II. GOVERNMENT'S MOTION FOR JUDICIAL INQUIRY INTO POTENTIAL CONFLICT

In it's Motion for Judicial Inquiry into Potential Conflicts, the government asks the court to determine whether any conflict exists in Genphar's representation in this action by Reynolds Williams, Esq. Williams first made an appearance in this action on behalf of GenPhar on April 5, 2013. In a separate, pending action, U.S. v. Dong, et al, 2:11-cr-510-CWH, Williams made an appearance on behalf of Dong on March 15, 2013, following a jury trial, for the purpose of filing post-trial motions. GenPhar and Dong are co-defendants in the present action. Dong is the President

of GenPhar, a shareholder and a member of its Board of Directors. The government argues that GenPhar and Dong's interests are potentially adverse while GenPhar argues that they are not.

A criminal defendant's Sixth Amendment right to effective assistance of counsel includes the right to counsel who is unimpaired by conflicting loyalties. "At a minimum, the Sixth Amendment right to effective assistance of counsel encompasses the attorney's duty of loyalty to the client and, concomitantly, the duty to avoid conflicts of interest." United States v. Magini, 973 F.2d 261, 263 (4 Cir. th 1992). Accord., United States v. Tatum, 943 F.2d 370 (4th Cir. 1991); United States v. Ramsey, 661 F.2d 1013, 1017 (4th Cir. 1981). "Counsel owes the client a duty of loyalty and a duty to avoid conflicts of interest," which is "perhaps the most basic of counsel's duties." Strickland v. Washington, 466 U.S. 668, 690, 692 (1984).

The factual scenario present here does not fall squarely within any of the Rules of Professional Conduct. Rule 1.9 addresses the conflict that exists when a lawyer represents one client in a previous matter and subsequently represents another client in the same or a substantially related matter in which the client's interests are materially adverse to the interests of the former client. This Rule provides that no such representation shall occur absent consent from the former client. Here, Dong is a current, rather than a former client. Rule 1.13 allows a lawyer representing an organization to also represent any of its directors, officers, employees, members, shareholders or other constituents given the organization's consent to the dual representation by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders. This rule contemplates dual representation in the same action. Finally, Rule 44(c), Fed.Rule.Crim.P., addresses joint representation of co-defendants in the same action and allows such representation only after the court advises the defendants of the right to separate representation and good cause is

shown that no conflict of interest is likely to arise. Here, Williams does not represent GenPhar and Dong in the same action, but rather in separate actions. Despite the specific applicability of any of these rules, each one allows for representation upon consent of the parties, and in some instances, after sufficient judicial inquiry is made.

During the hearing held on October 8, 2013, Gary Lau (also known as Lau Kai Pong), a member of the Board of Directors for GenPhar, was present and presented a document entitled "Unanimous Written Consent of the Directors of GenPhar, Inc." (Court's Exhibit 1) which includes resolutions passed by the board that the board concurred in the hiring of Williams to represent it in the present action despite Williams' representation of Dong in a separate action and that it waived any conflict of interest that may exist as a result of such representation. The document also includes resolutions that Lau is authorized to be GenPhar's representative with respect to the conflict and waiver issues and to present the document to and answer any questions of any judge or judicial body of the United States regarding these issues. The document was signed by the three members of the Board of Directors, John Dong, Eric Siu and Gary Lau.

In addition, both Dong and Lau on behalf of GenPhar, and their attorneys signed Waivers of Conflict of Interest (Court's Exhibits 2 and 3, respectively). Finally, the undersigned examined both Dong and Lau on behalf of GenPhar under oath regarding their understanding of the potential conflicts and the dangers inherent in such representation and advised them of their right to conflict-free representation.[1]

---

[1]Dong also testified and his counsel agreed as did Mr. Williams that Mr. Williams had not obtained any confidential client information from Dong through his representation of Dong in the separate pending action. As set forth above and discussed in more detail at the hearing, Mr. Williams was retained to represent Dong in that action at the post-trial motions stage.

Based upon the evidence presented during the hearing on October 8, 2013, the undersigned concludes that Dong and GenPhar have freely, knowingly, and intelligently waived any actual or potential conflict resulting from Williams' representation of Dong in criminal action number 2:11-cr-510-CWH and his representation of GenPhar in criminal action number 2:11-cr-511-CWH. Disqualification of Williams is not appropriate, and the Government's Motion for Judicial Inquiry into Potential Conflicts (Documents # 314) is denied.

## IV. CONCLUSION

For the reasons discussed above, GenPhar's Motion for Determination of Whether The Defendants May Be Prejudiced by Possible Conflict of Interest by USA's Counsel (Document # 292) with respect to Jennifer Aldrich, Esq. is **MOOT** and the Government's Motion for Judicial Inquiry into Potential Conflicts (Documents # 314) with respect to Reynolds Williams, Esq. is **DENIED**.

**IT IS SO ORDERED.**

                                             s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

November 25, 2013
Florence, South Carolina